**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2014 JUL 18 PM 4: 28
DEPUTY CLERK _____

| | | |
|---|---|---|
| JAZZICA HOOD and SYTOBIA HOOD, | § § § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. 5-14CV0127-C |
| V. | § | |
| | § | |
| O'REILLY AUTOMOTIVE STORES, INC. D/B/A O'REILLY AUTO PARTS, | § § | |
| Defendant | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jazzica Hood and Sytobia Hood, Plaintiffs, complaining of O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts, Defendant, and for cause of action would respectfully show the Court as follows:

1. Plaintiffs are citizens of the United States and residents of the State of Texas.

2. Defendant, O'Reilly Auto Parts, is a business operating throughout the nation and which may be served with process by service upon its registered agent for service, C.T. Corporation System, at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

3. Plaintiffs bring this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. (hereinafter referred to as "CRA") and the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. (hereinafter referred to as "FMLA").

4. This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5, 29 U.S.C. §2617 and 28 U.S.C. §1331.

5. Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b).

6. Plaintiffs have satisfied all conditions precedent to initiating this court action.

7. Plaintiffs are former employees of Defendant. Plaintiffs were, at all times relevant to this cause of action, an eligible employee under the CRA and the FMLA.

8. Defendant is an employer under the CRA and the FMLA.

9. Plaintiff Jazzica Hood was employed by Defendant from February 21, 2011 until she was fired on August 23, 2013. Said Plaintiff was employed by Defendant as an order filler and earned $13.00 per hour plus health and other benefits working full time. Plaintiff Sytobia Hood was employed by Defendant from August 23, 2010 until she was fired at the end of February 2014. Said Plaintiff was employed by Defendant as a material handler/replenisher and earned approximately $12.50 per hour plus health and other benefits working full time.

10. The Defendant has violated the CRA and FMLA as to both Plaintiffs by discriminating against Plaintiffs on the basis of their race (African-American) and their pregnancies; and by interfering with, discriminating against, and denying Plaintiffs the opportunity to exercise their rights under the FMLA. Additionally, Defendant violated the CRA and FMLA by retaliating against Plaintiffs after Plaintiffs asserted their discrimination and interference claims with the EEOC.

11. On or about December 14, 2012, Plaintiff Sytobia Hood notified her supervisor that she was pregnant. In connection with her pregnancy, her doctor issued the general restrictions given to a woman going through a pregnancy. The restrictions were such that said Plaintiff would require some accommodation with regard to the work to be done by her. During Plaintiff Sytobia Hood's employment with Defendant, she had observed at least three separate non African-American female employees receive accommodations in the form of transfers to different departments or light duty within the same department, in order to be allowed to continue to work during their pregnancies.

Plaintiff Sytobia Hood requested such accommodations but was refused same by Defendant even though specific positions for which she was qualified and which would accommodate her general restrictions, were available, and even though non African-American employees had been allowed to transfer departments or work light duty assignment throughout the facility during their pregnancies. Instead, Defendant forced Plaintiff Sytobia Hood, against her wishes, to immediately stop work and begin FMLA leave. Said Plaintiff contends that such conduct by Defendant constitutes unlawful discrimination on the basis of her race and her pregnancy, and, additionally, that it interfered with her right under the FMLA to determine when she should take FMLA leave.

12. On or about February 26, 2013, Plaintiff Jazzica Hood notified her supervisor that she was pregnant. In connection with her pregnancy, her doctor had also issued general restrictions related to the pregnancy. The restrictions, however, did not in any way prevent Plaintiff Jazzica Hood from performing her duties as an order filler. Nonetheless, Defendant refused to allow Plaintiff Jazzica Hood to continue working and forced her to take FMLA leave. Said Plaintiff did not want to go on FMLA leave at that time because she needed the income generated by her employment and because she was concerned because her 12 weeks of FMLA leave would expire well before the birth of her child which meant that she could lose her job before the baby was born. During her employment with Defendant, Plaintiff Jazzica Hood had also observed at least three separate non African-American female employees receive accommodations in the form of transfers to different departments or light duty within the same department to be allowed to continue to work during their pregnancies. Although Plaintiff Jazzica Hood did not need such an accommodation because she could perform her job with the restrictions, after being told that was being forced to quit working and go on FMLA leave, she asked for the accommodations given to the non African-American pregnant employees but was refused same by Defendant even though positions were available, and

even though non African-American employees had been allowed to transfer departments or work light duty assignment throughout the facility during their pregnancies. Said Plaintiff contends that such conduct by Defendant constitutes unlawful discrimination on the basis of pregnancy and race, and that it also constituted wrongful interference with her right under the FMLA to take leave when she needed it and not before.

13. On May 8, 2013, both Plaintiffs filed charges of discrimination on the basis of race and pregnancy discrimination. On July 7, 2013, Plaintiff Sytobia Hood's baby was born and she returned to work in August 2013. Upon her return to work, said Plaintiff was continually harassed by Defendant. After returning to work, she was continuously followed and watched by a supervisor. She was also forced by the supervisor to do tasks and duties that were not part of her regular job duties. The supervisor did not continuously follow and watch other employees, nor did the supervisor direct other employees to perform tasks outside of their job descriptions. Plaintiff Sytobia Hood complained repeatedly to the DC manager and to the Ops manager about the harassment but nothing was done to stop it. On February 24, 2014, Plaintiff Sytobia Hood again complained to the DC manager about harassment. On that occasion, he told her that she should leave for a while and return later to discuss the situation with him. When she returned, the DC manager, despite having told her to leave for a while, incredibly told said Plaintiff that she should not have left and that she was going to suffer the consequences. Two days later, Plaintiff was fired. Plaintiff Sytobia Hood contends that the harassment and termination was retaliation by Defendant for her having filed a charge of discrimination with the EEOC.

14. After filing the charge of discrimination, Plaintiff Jazzica Hood was fired on August 23, 2013, before her baby had been born, allegedly because she had gone over the time allotted for FMLA leave. Said Plaintiff contends the termination of her employment, in addition to being the

result of Defendant's interference with her FMLA rights by having previously forced her to take unnecessary leave, was also retaliation by Defendant for her having filed a charge of discrimination with the EEOC.

15. The unlawful conduct of Defendant, as described above, has caused and will continue to cause Plaintiffs harm. As a result of Defendant's conduct, Plaintiffs have suffered damages in the form of lost wages and benefits, as well as mental anguish and/or other non-economic damages. Plaintiffs are entitled to recover from Defendant the value of the lost wages and lost benefits incurred as a result of Defendant's conduct, as well as non-economic and liquidated/punitive damages, interest on such amount and such other and further equitable relief that the Court deems appropriate, for which claim is hereby made.

16. Plaintiffs are also entitled to recover from Defendant reasonable attorney's fees and other litigation expenses, for which claim is hereby made.

WHEREFORE, Plaintiffs pray that Defendant be served with and answer the claims asserted herein and that, on final trial, Plaintiffs be awarded judgment against Defendant for actual damages, liquidated/punitive damages, equitable relief, prejudgment and post-judgment interest as allowed by law, attorney's fees, cost of court and such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

JOHNSTON & MILLER
Attorneys at Law
2402 52nd Street, Suite 12
Lubbock, Texas 79412
Telephone: (806) 785-1499
Facsimile: (806) 762-6901
Email: jcraig@nts-online.net

By: _____
J. Craig Johnston
State Bar No. 00787784

ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiff respectfully requests a Jury Trial.

By: _____
J. Craig Johnston

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET 5-14CV0127-C

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAZZICA HOOD and SYTOBIA HOOD

## DEFENDANTS
O'REILLY AUTOMOTIVE STORES, INC. D/B/A O'REILLY AUTO PARTS

(b) County of Residence of First Listed Plaintiff   HALE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
J.Craig Johnston, Johnston & Miller, 2402 52nd Street, Suite 12, Lubbock, TX 79412 (806) 785-1499

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION  *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN  *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec. 2000e et seq. and 29 USC Sec. 2601 et seq.
Brief description of cause:
Violation of Civil Rights Act and FMLA in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE                                  DOCKET NUMBER

DATE
07/18/2014

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT  400  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____